OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Springfield Fireworks, Inc., from a judgment of the Franklin County Court of Common Pleas, dismissing appellant's administrative appeal pursuant to Civ.R. 12(B)(6).
 {¶ 2} On June 14, 2002, appellant filed a notice of appeal with the trial court from a decision of defendant-appellee, Ohio Department of Commerce, Division of State Fire Marshal ("SFM"), denying appellant's request for a variance to transfer a wholesale fireworks license. On July 25, 2002, SFM filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.
 {¶ 3} By decision filed October 29, 2002, the trial court granted SFM's motion to dismiss, finding no authority permitting an appeal, pursuant to R.C. 119.12, of a denial of a variance to a state licensee. More specifically, the trial court held that "a denial of a variance for the purpose of a transfer is not an administrative decision `denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license.'" {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
The trial court erred in summarily granting the appellee SFM's motion to dismiss by determining that denial of a fireworks license transfer was not an administrative decision and thus not subject to any judicial review.
 {¶ 5} The issues raised in the instant appeal are identical to those raised in the companion case of Springfield Fireworks, Inc. v. OhioDept. of Commerce, Div. of State Fire Marshal, Franklin App. No. 03AP-330, 2003-Ohio-6940, including appellant's primary contention that, the denial of a license transfer is within SFM's licensing authority and, thus, the trial court erred in failing to find that appellant had a right to appeal an agency order, under R.C. 119.12, from an adjudication denying "the issuance or renewal of a license * * * or revoking or suspending a license."[1]
 {¶ 6} In this court's decision in Springfield Fireworks, supra, at ¶ 24-25, 29, we rejected appellant's argument, holding in relevant part:
Here, SFM's action regarding the request for a transfer of Springfield's wholesaler fireworks license did not involve the "issuing, suspending, revoking, or canceling" of a license. Hence, SFM's action did not involve a licensing function and accordingly was not an" agency" decision under R.C. Chapter 119.
Further, because SFM's decision was not an "agency" decision, it necessarily was not a decision "issued pursuant to an adjudication," as additionally required by both (1) the "licensing function" provision of the first paragraph of R.C. 119.12; and (2) the statute's second paragraph, which expressly provides an appeal to the Franklin County Court of Common Pleas for" any order of an agency issued pursuant to any other adjudication," regardless of whether a licensing function in involved. * * *
* * *
In sum, because SFM's denial of Springfield's request to transfer the wholesaler fireworks license does not involve a licensing function, was not issued pursuant to an adjudication, and is not made subject to an appeal under R.C. 119.12 by some other statute, it is not an agency decision from which an appeal under R.C. 119.12 may be taken. Accordingly, the Franklin County Common Pleas Court correctly concluded it lacks jurisdiction under R.C. 119.12 to review SFM's decision in this case.
 {¶ 7} The law enunciated in Springfield Fireworks, Inc., is applicable to the issue raised in the instant case as to whether the trial court erred in failing to find that appellant had a right to appeal under R.C. 119.12. Further, the decision in the companion case is dispositive of the remaining issues raised by appellant in the instant appeal, including appellant's contention that the unavailability of judicial review of SFM's decision would amount to a deprivation of due process. Accordingly, appellant's assignment of error is without merit and is overruled.
 {¶ 8} Having overruled appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas, dismissing appellant's appeal, is hereby affirmed.
Judgment affirmed.
Petree, P.J., and Bryant, J., concur.
[1] The present appeal arises out of appellant's request to the SFM, in 1995, to transfer its fireworks license from Loudonville, in Ashland County, to a location in Madison County. The appeal in the companion case arose out of appellant's request to the SFM, also made in 1995, to transfer its other fireworks license from Bluffton, in Allen County, to a location in Madison County.